# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
FAX (310) 789-3150
WWW.SUSMANGODFREY.COM

_____

| | | |
|---|---|---|
| SUITE 5100 | SUITE 3000 | ONE MANHATTAN WEST |
| 1000 LOUISIANA STREET | 401 UNION STREET | NEW YORK, NEW YORK 10001-8602 |
| HOUSTON, TEXAS 77002-5096 | SEATTLE, WASHINGTON 98101-2683 | (212) 336-8330 |
| (713) 651-9366 | (206) 516-3880 | |

TYLER DOWNING
DIRECT DIAL 310-789-3175

E-MAIL tdowning@susmangodfrey.com

April 15, 2024

**VIA ECF**

The Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St., Courtroom 20A
New York, NY 10007-1312

Re:   *Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson, et al.*
        1:24-cv-00067-LAK-BCM

Dear Judge Moses:

Pursuant to Your Honor's Individual Practices Section 3, Desarrolladora La Ribera, S. de R.L. de C.V. ("DLR") files this letter motion seeking permission for the First Amended Complaint to be filed with one limited redaction.  Specifically, DLR seeks to redact two words: the name of a third-party who was previously in discussions to purchase a home at Costa Palmas (the "Potential Customer").  *See* First Amended Complaint ¶ 108.  As explained below, redaction of the name of the Potential Customer is well justified.

While there is a presumption of public access related to judicial documents, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), competing considerations can overcome that presumption where the restrictions sought are narrowly tailored to serve the identified interests.  *See BakeMark USA LLC v. Negron*, 2024 WL 182505, at *1 (S.D.N.Y. Jan. 16, 2024).  Two interests are relevant here: the privacy interests of the Potential Customer, an innocent third party, and DLR's interest in avoiding harm to its competitive standing.

First, as the Second Circuit has explained "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation."  *Id.* (alterations

April 15, 2024
Page 2

adopted) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Accordingly, courts in this District, and elsewhere, routinely approve the redaction of the identity of customers or other individuals on privacy grounds. *See In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2024 WL 81438, at *2-3 (S.D.N.Y. Jan. 8, 2024) (approving request to redact names of former employee and third-party witnesses); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp 3d 152, 156-57 (S.D.N.Y. 2015) (approving redaction of customer names along with other information); *Cohen v. Gerson Lehrman Group, Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (approving redactions "narrowly tailored to conceal the clients' identity"); *see also Virun, Inc. v. Cymbiotika, LLC*, 2022 WL 17401698, at *3 (C.D. Cal. Aug. 19, 2022) (explaining sealing appropriate to protect "customers whose identities are not generally known to the public and who have an interest in maintaining their privacy" (cleaned up)).

This privacy consideration applies in full force here. The Potential Customer has no involvement in this litigation and their status as a potential purchaser at Costa Palmas is not generally known to the public. Their identification would inject them into the public sphere regarding this dispute, which, as a byproduct of Defendants' media campaign has drawn media coverage; implicitly reveal information regarding their finances—particularly their purchasing power; and disclose their considered purchasing preferences.

Second, courts approve limitations to the public access of documents to prevent "harm to a litigant's competitive standing." *Julian v. MetLife, Inc.*, 2021 WL 3887763, at *15 (S.D.N.Y. Aug. 31, 2021) (alteration adopted) (citation omitted). Redactions to prevent disclosure of customer information have been recognized as appropriate on this ground. *See, e.g.*, *BakeMark USA LLC*, 2024 WL 182505, at *2 (approving redaction of customer names and dollar amounts of sales as "narrowly tailored to safeguard [litigant]'s competitive interests").

DLR's competitive standing would be harmed by the disclosure of the Potential Customer's identity. As discussed in the contemporaneously filed declaration of Mitch Laufer, DLR has a strong competitive interest in preventing the disclosure of the identity of the Potential Customer. M. Laufer Decl. at ¶ 2. DLR's customers expect the company's discretion, and the revelation of a potential customer's identity would jeopardize DLR's standing in the market. *Id.* Additionally, the disclosure of the identity of potential customers would provide competitors in what is an extremely competitive market insight into DLR's sales targeting strategies and potential customer base. *Id.* at ¶ 3.

The limited redaction sought is narrowly tailored to serve the interests identified. Indeed, the only redaction sought is the single instance of the naming of the Potential Customer in the First Amended Complaint. This limited request balances

April 15, 2024
Page 3

the presumption of public access to judicial documents while protecting the Potential Customer's privacy interests and DLR from unnecessary competitive injury.

Counsel met and conferred regarding this request pursuant to Your Honor's Individual Practices Section 3(f) and were unable to come to an agreement regarding narrowing the scope of the requested redaction.

Consistent with the Court's Individual Practices, the First Amended Complaint with the requested redactions will be filed on ECF pending the Court's determination of this letter motion. The unredacted version of the First Amended Complaint with the material sought to be redacted highlighted will be filed under seal in accordance with your Honor's Individual Practices.

Respectfully submitted,

*Tyler Downing*

Tyler Downing
Counsel for Desarrolladora La Ribera, S. de R.L. de C.V.