UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESARROLLADORA LA RIBERA, S. DE R.L. DE C.V.,

                Plaintiff,

-against-

STEVE ANDERSON, et al.

                Defendants.

24-CV-67 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On April 15, 2024 plaintiff Desarrolladora La Ribera, S. de R.L. de C.V. (DLR), a real estate developer, filed a letter-motion (Pl. Ltr.) (Dkt. 50) seeking permission to redact, from one paragraph of its First Amended Complaint (FAC), the name of a non-party individual who, plaintiff alleges, was in discussions to purchase a home in DLR's luxury vacation development in Cabo San Lucas, Mexico, known as Costa Palmas, but was dissuaded from doing so after reading negative articles allegedly planted by defendants. On April 18, 2024, defendant 5W Public Relations, LLC (5W PR) filed a letter (Def. Ltr.) (Dkt. 55) opposing the motion. Defendants Amit Raizada and Steve Anderson then filed letters joining 5W PR's response. (Dkts. 56, 57.) On April 22, 2024, DLR filed its reply letter (Pl. Reply) (Dkt. 58).

For the reasons that follow, the redaction request will be granted.[1]

## Background

Plaintiff accuses defendants of tarnishing its reputation and driving potential home purchasers away by, *inter alia*, engaging in a "public relations campaign specifically intended to

---

[1] In accordance with Moses Ind. Prac. § 3(d), plaintiff filed a redacted copy of its First Amended Complaint on the public docket (Dkt. 52), pending the outcome of its motion, and an unredacted copy, showing the name of the non-party potential purchaser, under seal at the "selected parties" level, visible to defendants and to the Court, but not to the public. (Dkt. 53.)

defame DLR and denigrate DLR's business at Costa Palmas." FAC ¶ 61. Plaintiff asserts claims for tortious interference with prospective business advantage, defamation, injurious falsehood, and "civil conspiracy." *Id*. ¶¶ 123-72. As an example of the harm caused by defendants' campaign, plaintiff alleges that a potential customer was in discussions to purchase a residence for $12.5 million, but expressed concerns about "DLR's character" after reading a defamatory article that described DLR and Costa Palmas as a "Ponzi scheme" and discussed "DLR's extortionary practices." *Id.* ¶ 108. The potential customer "then expressed that he was considering purchasing a residence at other developments in Cabo San Lucas that did not have DLR's negative publicity," and, ultimately, abandoned his discussions with plaintiff. *Id.*

## The Parties' Positions

Plaintiff acknowledges that "there is a presumption of public access to judicial documents," Pl. Ltr. at 1 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)), but asserts that the *de minimis* redaction it proposes is warranted by two competing considerations: (i) the privacy interests of the non-party potential customer; and (ii) "DLR's interest in avoiding harm to its competitive standing." *Id*. As to the first consideration, plaintiff notes that the potential customer "has no involvement in this litigation," and argues that identifying him would unnecessarily "inject [him] into the public sphere regarding this dispute," would "implicitly reveal information regarding [his] finances – particularly [his] purchasing power," and would "disclose [his] considered purchasing preferences." *Id*. at 2. As to the second consideration, DLR asserts that disclosing the potential customer's name would harm its own competitive standing with other potential customers – who "expect the company's discretion" – and would "provide competitors in what is an extremely competitive market [with] insight into DLR's sales targeting strategies and potential customer base." *Id*.

Defendant 5W PR counters that, under New York law, the identity of the potential customer "is a required element of DLR's tortious interference claim," Def. Ltr. at 2 (citing *Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 227 (S.D.N.Y. 2013)), and thus that his name lies at the "very heart" of the case. *Id*. (quoting *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 472 (S.D.N.Y. 2017)). In defendant's view, moreover, the prospective customer does not have a significant countervailing interest in keeping his contemplated home purchase private, since "information about real property purchases, including the name of the purchaser, description of the property, and the price paid, are matters of public record." *Id*. Defendant adds that since the prospective purchaser "has already abandoned his interest in Costa Palmas," the disclosure of his name "cannot and will not cause DLR to lose his business." *Id*. at 3. Nor, in 5W PR's view, has DLR shown "that naming a single supposedly lost customer can harm [its] future business prospects[.]" *Id*.

In its reply letter, DLR argues that the applicable pleading standards are analytically distinct from the redaction analysis required under *Lugosch*. Pl. Reply at 1-2 (noting that complaints – like other judicial documents – may be redacted where the competing considerations overcome the presumption of access). Plaintiff further argues that the privacy interests of "innocent" third parties (as opposed to those named in pleadings because they are alleged to have engaged in unlawful conduct) should "weigh heavily" in favor of redaction. *Id*. at 2. It adds that, although real estate purchases are matters of public record, many buyers of luxury second homes (including defendants Raizada and Anderson, *see* FAC ¶¶ 39, 55) protect their privacy by purchasing through limited liability companies or similar entities. *Id*. at 3. As to its own competitive interests, DLR reiterates that its customers expect discretion, and argues that if it does not succeed in its current redaction request, other customers might "doubt" that discretion. *Id*.

3

**Discussion**

The First Amended Complaint is plainly a "judicial document," to which a presumption of public access attaches. *See Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (a judicial document is an item that is "relevant to the performance of the judicial function and useful in the judicial process"); *Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 WL 2850632, at *2 (S.D.N.Y. July 8, 2021) ("The parties' pleadings . . . are unquestionably judicial documents."). However, the weight of the presumption is not particularly heavy where, as here, plaintiff proposes to redact nothing beyond the *name* of the potential customer, which appears once, in a single paragraph of the 34-page pleading. *Cf. Kwoka*, 2021 WL 2850632, at *2 (denying motion to redact each and every factual allegation underlying Kwoka's counterclaim for sexual harassment, which would "keep the public wholly in the dark as to the nature of [the] claim"); *Under Seal*, 273 F. Supp. 3d at 472 (denying motion to keep entire case under seal, including the "working relationship and arrangement between the parties," which formed the "very heart" of plaintiff's claim that he was the ghostwriter of defendant's book and the rightful owner of its copyright).[2] Here, the redaction of the potential customer's name would neither prevent the public from understanding the nature of plaintiff's claim nor impede its ability to "monitor the work of the courts." *Lugosch*, 435 F.3d at 127.

---

[2] None of the cases cited by defendant 5W PR for the proposition that a tortious interference claim requires identification of "the potential customers at issue," Def. Ltr. at 2, states or suggests that a properly-pleaded complaint cannot be filed in redacted form, so as to keep customer names confidential from the public at large. To the contrary: the *Lesesne* court notes that the plaintiffs in that case – who resisted naming the potential customers in part due to concerns for their privacy – "could have provided this information accompanied by a request that this portion of their Complaint be maintained under seal." 918 F. Supp. 2d at 227 n.2; *see also Bayer Schera Pharma AG v. Sandoz, Inc.*, 2010 WL 1222012, at *8 n.13 (S.D.N.Y. Mar. 29, 2010) (similar).

4

Moreover, the proposed redaction is narrowly tailored to protect the legitimate privacy interests of the non-party potential customer, who (unlike the alleged harasser in *Kwoka*) is not affiliated with any party, is not accused of any wrongdoing, and did not ask to be involved in this lawsuit. "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)) (first alteration in the original); *see also, e.g.*, *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (permitting defendants to redact the identities of numerous non-party "investors, customers, and business partners" because their "non-party privacy interests justify narrowly tailored redactions"). While real property transactions are matters of public record, *prospective* real property transactions, and the names of *potential* purchasers, are not. The Court therefore concludes (without reaching DLR's argument concerning its own competitive standing) that, "[n]otwithstanding the presumption of access under both the common law and the First Amendment," there are "countervailing factors" that justify the minimal redaction proposed by plaintiff. *Lugosch*, 435 F.3d at 113, 124.

## Conclusion

For the reasons set forth above, plaintiff's motion (Dkt. 50) to redact the name of the potential customer from paragraph 108 of the First Amended Complaint is GRANTED.

Dated: New York, New York
      May 6, 2024                                    **SO ORDERED.**

                                                        **BARBARA MOSES**
                                                        **United States Magistrate Judge**